UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:14-cr-0183-WTL-MJD |
| ) | |
| WILLIE MILLS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On February 14 and 28, March 15, and April 25, 2017, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on February 8, 2017. [Dkt. 56.] Defendant Mills appeared in person with his appointed counsel Michael Donahoe. The government appeared by Michelle Brady, Kendra Klump and Cynthia Ridgeway, Assistant United States Attorneys. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Mills of his rights and ensured he had a copy of the Petition. Defendant Mills orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Mills admitted violations 1, 2, and 3 as set forth in the Petition. [Docket Nos. 56 & 70.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1      **"The defendant shall refrain from any unlawful use of a controlled substance."**

As previously reported to the Court, on March 21, 2016, Mr. Mills submitted a urine sample at Volunteers of America (VOA), which was collected under the Bureau of Prisons (BOP) program and tested by the Redwood Toxicology Laboratory (Redwood), which tested positive for cocaine. Also, he submitted a sample on October 17, 2016, which tested positive for synthetic cannabinoids. The offender has since submitted urine samples on January 5, 2017, and January 24, 2017, which were tested by Redwood, and were positive for synthetic cannabinoids.

2      **"The defendant shall reside for a period of up to 120 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**

As previously reported to the Court, on July 14, 2016, Mr. Mills was "written –up" at VOA, where he is a resident, for violating the rules by being in possession of an unauthorized item (a cigarette lighter). On July 19, 2016, he was "written-up" for "use of drugs." This incident resulted from the offender's positive urinalysis for alcohol on July 13, 2016. On October 21, 2016, an Incident Report was again filed against Mr. Mills at VOA for being in possession of an unauthorized item (cigarettes and lighter). On October 30, 2016, another report was filed against him for smoking where prohibited. It was alleged a correctional officer observed him "smoking a controlled substance in the shower area."

Since the Court was notified of the aforementioned incident reports, on January 22, 2017, an Incident Report was failed [sic] against Mr. Mills at VOA alleging he was seen by a correctional officer smoking a "reefer cigarette" in the shower area of the facility.

3      **"The defendant must pay the total criminal monetary penalties: $100 special assessment."**

The offender has a balance of $95 on his special assessment. He made one payment of $5 on June 28, 2016. Therefore the debts is delinquent.

4. The Court finds that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is VI.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 27 months' imprisonment.

5. The government argued for a sentence of twenty-one (21) months with no supervised release to follow. The defendant argued for a sentence of sixty (60) days plus time served. USPO asked for a sentence range of sixty (60) days up to six (6) months.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the Petition, and recommends that Defendant's supervised release be revoked, and that he be sentenced to the custody of the Attorney General or his designee for a period of one hundred (100) days with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 26 APR 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Marshal